UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GREGORY BRYANT-BEY, | ) | CASE NO. 1:05 CV 652 |
| | ) | |
| Plaintiff, | ) | JUDGE PAUL R. MATIA |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| KEITH WERNER, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On March 1, 2005, plaintiff pro se Gregory Bryant-Bey filed this action under 42 U.S.C. § 1983 against Mansfield Correctional Institution Sergeant Keith Werner. In the complaint, plaintiff alleges that he was held in the segregation unit of the prison without receiving a hearing. He seeks "restoration of status and compensation for time spent in segregation." (Compl. at 5.)

### Background

Mr. Bryant-Bey was sent to the Mansfield Correctional Institution segregation unit on January 3, 2004 after receiving a conduct report. Sergeant Werner allegedly informed him that the conduct report would be referred the Rules Infraction Board ("RIB") for a hearing. Mr. Bryant-Bey contends that although the RIB initially refused to hear the charges, he spent 24 days in the segregation unit.

Mr. Bryant-Bey continued his efforts to receive a hearing on his conduct report. He sent a kite to his unit manager asking for a hearing but received no relief. He sent several kites to the Ohio Department of Rehabilitations and Correction ("ODRC") Assistant Chief Inspector and was referred to

the Institutional Inspector and the ODRC Legal Services Department. He claims these departments did not contact him or a respond to his requests for a hearing. He contends he "filed a notice of grievance and after eight months...was made aware of a hearing date." Mr. Bryant-Bey does not indicate the outcome of the hearing.

## Analysis

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate

is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance.

There is not indication that Mr. Bryant-Bey exhausted his administrative remedies prior to filing this action. He does not attach copies of relevant grievances and does not allege facts which suggest he completed the grievance process. Although he states that he filed a formal grievance, he does not indicate whether he appealed the grievance to the ODRC Chief Inspector. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Mr. Bryant-Bey has not satisfied that burden.

### **Conclusion**

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Date: May 4, 2005                              /s/ Paul R. Matia
                                               UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

CERTIFICATE OF SERVICE

A copy of the foregoing Memorandum of Opinion and Order was filed electronically this 4th of May, 2005. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's system. A copy of this order has also been sent by regular mail this 3rd day of May, 2005 to Gregory L. Bryant-Bey, A285890, MANCI, Mansfield Correctional Institution, 1150 N. Main, P. O. Box 788, Mansfield, OH 44901.

/s/ Paul R. Matia
UNITED STATES DISTRICT JUDGE